UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

MARIE J. RUEST,

        Plaintiff,

-v-

**DECISION AND ORDER**
12-CV-6552CJS

CITY OF ROCHESTER, ROCHESTER CITY POLICE
DEPARTMENT and Investigator FRANK CAMP,

        Defendants.

___

MARIE J. RUEST,

        Plaintiff,

-v-

**DECISION AND ORDER**
12-CV-6551CJS

COUNTY OF MONROE, MONROE COUNTY SHERIFF'S
DEPARTMENT and Monroe County Sheriff's Deputies
PETER CHARISSIS and Deputy Sergeant DICANN,

        Defendants.

## INTRODUCTION

Plaintiff Marie J. Ruest filed two *pro se* actions seeking relief under 42 U.S.C. § 1983 and other statutes on October 12, 2012 (12-CV-6551CJS, Docket No. 1 and 12-CV-6552CJS, Docket No. 1) claiming that various rights were violated. Knowledge of the facts and previous proceedings in these matters is assumed, as they are only partially summarized below (See Docket Nos. 4 in each case). Plaintiff's requests to proceed *in forma pauperis* were granted and the complaints were dismissed without prejudice because the complaints were in violation of the Federal Rules of Civil Procedure and inadequate to allow the Court 's review pursuant to 28 U.S.C. § 1915. Among other deficiencies, they failed to allege facts in support of the claims. Plaintiff was granted an opportunity to withdraw or amend the complaints to attempt to state claims in a manner

consistent with the Federal Rules of Civil Procedure. Plaintiff has, in response, filed documents entitled "Amened Civil Action" [sic] in 12-CV- 6551CJS (Docket No 6) and "Civil Action" in 12-CV- 6552CJS (Docket No 6). Plaintiff's motion for an extension of time to file a response (Docket No. 5) is denied as moot.

## ALLEGATIONS

### Pleadings in 12-CV-6551CJS

Plaintiff Ruest, whose pleadings in 12-CV-6551CJS parallel those of her friend, Nicholas Hirsch, in 12-CV-6545CJS, asserts that on September 25, 2012, property belonging to her, a ball point pen/ pencam, was illegally searched and seized from Hirsch by a Monroe County Courthouse Deputy stationed in a Rochester City Court Courtroom, without a warrant. The pencam was alleged to have been then unlawfully withheld by City Court Judge Stephen Miller, and the Deputy failed to issue a property custody report sheet receipt. On September 28, 2012 plaintiff attempted to retrieve her property from the Property Room and determined that it was in the possession of a Police Investigator, who then joined plaintiff and Mr.Hirsch. The Investigator "issued" a search warrant allowing the search of the material contained on the device which was "defective on its face" because "the warrant expired three days before the alleged crime occurred," and the Investigator did not properly preserve the chain of custody of the device. Plaintiff also asserts that there was no basis upon which to establish reasonable belief that defendant Hirsch committed the alleged offense other than the deputy's own account of what occurred.

Because of the manner in which the complaint was written, exhaustively described in the Court's order of March 8, 2013, pp. 3–6, it is virtually impossible to determine who plaintiff names as defendants. As best the Court can discern, notwithstanding the

2

"directions" provided to the Court in the Cover letter attached to Docket No. 6, p. 56 of attached exhibits, the following are her asserted claims against the following defendants:

First Claim against Monroe County, Monroe County Sheriff's Department, and/or Monroe County Court Deputy Peter Charisiss - Cause I and II, illegal search and seizure and Cause III pain and suffering.

Second Claim against Monroe County Court Deputy Sergeant DiCann: Cause I, defamation of character.

Third Claim: County of Monroe or Monroe County Sheriff's Department - Cause I and II, illegal search and seizure and Cause III, malicious and selective prosecution, false arrest.

**Pleadings in 12-CV-6552CJS**

Plaintiff Ruest's pleadings in 12-CV-6552CJS parallel those of Nicholas Hirsch in 12-CV-6525CJS. Ruest alleges that property belonging to her, a ball point pen/pencam, was illegally seized and serched from Nicholas Hirsch without a warrant during Mr. Hirsch's appearance before Rochester City Court Judge Stephen Miller on September 25, 2012, p. 3, and that the pencam was unlawfully withheld by Judge Miller. Plaintiff Ruest attempted to retrieve the pencam on September 28, 2012, and was told that it was in the possession of Police Investigator Frank Camp. He had retrieved streams of video and still photographic images from the USB storage of the pencam. Investigator Camp met plaintiff and Hirsch and Hirsch was then arrested and issued an appearance ticket. Ruest's claims are as follows:

First Claim against City of Rochester or the Rochester Police Department, Cause I and II, illegal search and seizure and Cause III, malicious and selective prosecution, false arrest.

3

Second Claim against City of Rochester or Frank Camp, Cause I and II, illegal search and seizure and Cause III, malicious and selective prosecution, false arrest.

## DISCUSSION

The Court will address the claims in the two cases together, because the facts alleged in each and the exhibits attached by plaintiff to the complaints, of which the Court is on Judicial notice, together make the context for the allegations and the claims clear in a manner that each complaint alone does not. Plaintiff's allegations are reviewed to state the strongest case that they can state.

Plaintiff was granted permission to proceed *in forma pauperis*. As discussed in the Court's prior Order, 28 U.S.C. § 1915(e)(2)(B) requires the Court to conduct an initial screening of these complaints. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§1915(e)(2)(B); see also *Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, the Federal Tort Claims Act, the Espionage Act, the *Bivens* Doctrine and others. The Court discerns no facts that would bring these actions under the Federal Tort Claims Act, the Espionage Act, or the *Bivens* Doctrine. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to

4

28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted.

Plaintiff owns a webcam that is also a pen. Such recording device was in the possession of a third party, Mr. Hirsch, while he attended a proceeding before Rochester City Court Judge Stephen Miller, where recording was prohibited. Judge Miller directed plaintiff to surrender that device and a Courtroom Deputy, Peter Charissis, took it from Hirsch at the Judge's direction and either gave it to the Judge, or to another party. Plaintiff thereafter sought return of the device and was told that it was in the possession of a Rochester City Police Investigator. That Investigator, Frank Camp, then met plaintiff and Mr. Hirsch and presented them with a search warrant allowing for the review of the material saved on the USB memory of the device, reviewed and signed by a judge, and indicated that the warrant had been effectuated, producing video and still photographic images.

Plaintiff cannot, on these facts, state any claim for illegal search and seizure of the pencam. The pencam was seized from Hirsch on direction of Judge Miller, based on his own perception of unlawful activity as the device was used in his own Courtroom. Even if the Deputy had seized the device on his own, it would not have been an unreasonable search or seizure, because it would have been on the Deputy's reasonable judgement at the time that a crime was being committed in his presence. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Constitution, Amendment IV. Where law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant, the Court has interpreted the Amendment to permit seizure of the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some

5

other recognized exception to the warrant requirement is present. *U.S. v. Place*, 462 U.S. 696 (1983); *see, Arkansas v. Sanders*, 442 U.S. 753, 761 (1979). For example, "objects such as weapons or contraband found in a public place may be seized by the police without a warrant," *Payton v. New York*, 445 U.S. 573, 587 (1980), because, under these circumstances, the risk of the item's disappearance or use for its intended purpose before a warrant may be obtained outweighs the interest in possession. *See also G.M. Leasing Corp. v. United States*, 429 U.S. 338, 354(1975). The "underlying command of the Fourth Amendment is always that searches and seizures be reasonable," and "what is reasonable depends on the context within which a search takes place." *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985) (internal quotation marks omitted). Probable cause to arrest exists when "the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir.1991). The determination of probable cause will depend on the totality of the circumstances based on those facts available to the officers at the time of the events. *See Illinois v. Gates*, 462 U.S. 213, 238(1983); *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir.1996). The circumstances described do not state a claim for unreasonable seizure or search.

Plaintiff makes much of the manner in which the pencam was subsequently kept and that there was no property receipt issued to her and that this somehow cast aspersions on her. Plaintiff has no constitutional right to have the property receipt properly processed in any particular manner. There is no allegation that she did not have her property returned to her. *Carson v. Lewis*, 35 F.Supp.2d 250, 258 (E.D.N.Y.1999). *See New Jersey v. T.L.O.*, 469 U.S. 325, 345-46 (1985) (where police could reasonably believe that an item

6

seized may be relevant evidence in a particular criminal prosecution, holding the item does not violate the Fourth Amendment); *Warden v. Hayden,* 387 U.S. 294, 306-08(1967) (same). The Court finds no basis for a claim of defamation of character.

Nor can plaintiff state a claim for illegal search and seizure of the material recorded on the pencam. The search was conducted on the basis of a warrant reviewed and signed by an independent judicial officer. Normally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officer to believe that there was probable cause. *Martel v. Town of South Windsor,* 345 Fed.Appx. 663 (2d Cir. 2009); *United States v. Ventresca,* 380 U.S. 102, 109 (1965). A plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden. *Golino v. New Haven,* 950 F.2d 864, 870 (2d Cir.1991). In order to mount such a challenge, the plaintiff must make a "substantial preliminary showing" that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was "necessary to the finding of probable cause." *Golino,* 950 F.2d at 870; *Franks v. Delaware,* 438 U.S. 154, 155–56 (1978). There is no allegation that the officer made false statements or omitted material facts from the affidavits upon which the judge relied in finding probable cause to issue the search warrant, much less that any statements were knowingly, intentionally, or recklessly false. *Malatesta V. New York State Division of State Police,* 120 F.Supp.2d 235. Plaintiff has not stated a claim for unlawful search of her device.

Plaintiff cannot state a claim for malicious and selective prosecution or false arrest because she does not allege that she was arrested or prosecuted. She has no standing to prosecute any claim on behalf of Mr. Hirsch, who is the person she alleges was arrested.

7

Plaintiff has failed to state any claim for relief. Her complaints must be dismissed pursuant to 28 U.S.C. § 1915.

Amendment and Sanctions

For the reasons explained below, the Court will not allow plaintiff a further opportunity to amend her complaints, and will issue sanctions against her.

In the Court's Order of March 8, 2013, plaintiff was warned that, in addition to the other reasons for the Federal Rules of pleading discussed, Rule 11 requires that:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

In addition, plaintiff was informed that to hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal

8

employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.")(Docket No. 4, p 9). For a second time, and despite these warnings, plaintiff names as defendants the County of Monroe, Monroe County Sheriff, City of Rochester and Rochester Police Department. (12-CV- 6551CJS, Docket No 6) and "Civil Action" (12-CV- 6552CJS, Docket No 6). *See* 12-CV- 6551CJS, Docket No. 6, cover letter at p. 56 of attached exhibits. Yet, in neither complaint does plaintiff contend or provide facts to support that any of the alleged constitutional deprivations were caused by, or occurred pursuant to, an official custom or policy of the City of Rochester or the County of Monroe. Plaintiff has violated Rule 11 by filing a pleading wherein the claims, defenses, and other legal contentions are clearly not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Plaintiff cannot claim inadvertence or error, because the Court specifically informed her of the law related to these claims against municipalities.

In addition, plaintiff was warned regarding the manner in which the complaint was written (Docket No. 4, pp. 3-9). Plaintiff's response shows no inclination to honor the law, the Federal Rules, or Orders of this Court.

Litigants, even those proceeding *pro se*, are required to comply with the directives of the Court. "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders." *Barclay v. Doe*, 207 Fed. Appx. 102, 104 (2d Cir. 2006) (Summary Order) (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)). Further, in *Barclay*, the Court of Appeals noted that "[w]hen they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *Id. See*

9

*In re Martin–Trigona*, 737 F.2d 1254, 1261 (2d Cir.1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); *see also Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir.1996) (stating that a district court may "impose sanctions against litigants who abuse the judicial process"); *Lipin v. Hunt*, 573 F.Supp.2d 836, 843, 844 (S.D.N.Y.2008) (citing Fed.R.Civ.P. 11(c)(4))("It is beyond peradventure that a district court possesses the authority to enjoin a [pro se] litigant from further vexatious litigation" and "a court's special solicitude towards pro se litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.") (internal quotations, parenthesis and citations omitted.).

The Supreme Court and our Court of Appeals have made it clear that "a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir.) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45), *cert. denied* 507 U.S. 1043 (1993)(emphasis added). Sanctions under Rule 11 of the Federal Rules of Civil Procedure may also be imposed upon a *pro se* litigant who continues to file frivolous or baseless claims and petitions. *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993); *DePonceau*, 2004 WL 1574621, at *3; *Young v. Corbin*, 889 F. Supp. 582 (N.D.N.Y. 1995). The Supreme Court has stated that "the central purpose of Rule 11 is to deter baseless filings in District Court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (citation omitted); *see also Williams v. Revlon Co.*, 156 F.R.D. 39, 43 (S.D.N.Y. 1994) (The purpose of Rule 11 is to check abuses which cause "the waste of judicial resources and resulting inefficiencies and delays

10

that affect all actual and potential litigants in the federal courts.") (citations omitted). An attorney or unrepresented party may be sanctioned for violating Rule 11 by motion or by the Court upon its own initiative. Fed. R. Civ. P. 11(c)(1)(B).

Despite the Court having brought to plaintiff's attention the legal requirements for stating a claim for municipal liability under 42 U.S.C. § 1983, plaintiff not only failed to withdraw the claim, but submitted an amended complaint reiterating the claims as though the Court had not spoken. Further, her amended complaint repeated, with no change, all of the pleading deficiencies the Court had cited. Accordingly, this Court finds that the most appropriate sanction to deter any more frivolous and repetitious filings is an injunction against any future filings without first obtaining Court permission. The Court notes that it has the discretion to impose a complete and full filing injunction at this time but finds, for the time being, that the "lesser" sanction of not allowing any future filings without prior Court permission should be sufficient to deter any further frivolous or baseless filings by plaintiff.

Given plaintiff's abusive litigation conduct, and the negative impacts on the Court's ability to conserve it's resources, plaintiff is hereby directed to show cause why she should not be sanctioned with a leave-to-file sanction for filing, and failing to withdraw when notified thereof, unwarranted claims for municipal liability, for repeatedly filing papers written in disregard of case law of which she has been informed, the Federal Rules of Civil Procedure ( including Rule 11) and valid Court Orders. Plaintiff shall file, by **August 15, 2013,** an affidavit not to exceed five (5) pages in length showing cause why this Court should not impose the sanction described above. Plaintiff's failure to file an affidavit or show cause why the sanction described above shall not be imposed will cause the Court to impose said sanction.

## CONCLUSION

Plaintiff's complaints are dismissed pursuant to 28 U.S.C. § 1915e for failure to state a claim. Plaintiff will not be permitted to file any further actions of any type with this Court without first obtaining written permission from the Court to do so, unless she adequately shows cause by **August 15, 2013**, why the sanction described above should not be imposed.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's complaints are dismissed with prejudice;

FURTHER, that plaintiff shall submit by **August 15, 2013,** an affidavit not to exceed five (5) pages showing cause why this Court should not impose the sanction described above;

FURTHER, that if plaintiff fails to file an affidavit by **August 15, 2013**, as directed, the Court shall impose the following sanction:

Plaintiff may **not** file any additional actions, of any type, in this Court without first obtaining the prior approval of the Court.

The Clerk of the Court is directed to **not file** any future ("new") actions, of any type, submitted by Marie Ruest unless she has also filed a separate request to file an action despite being under sanction which includes a copy of this sanctioning Order, and until the Court has determined whether it has jurisdiction over the claims; the allegations in fact are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; or the action is not frivolous, baseless, repetitious, vexatious or not filed simply to annoy or harass; and the complaint is not written in derogation of this Court's Orders regarding the requirements for pleading claims in this Court. If the Court determines that the submission should be accepted for

filing, the Court will so direct. In the event a future complaint or action is determined to be insufficient for lack of subject matter jurisdiction, to be otherwise frivolous, baseless, repetitious, vexatious or filed simply to annoy or harass, or otherwise filed in derogation of this Court's Orders, the complaint shall be dismissed with prejudice by summary Order citing to this Decision and Order. Only upon a determination that a future or new action may go forward and be filed shall the Court direct the Clerk of the Court to cause the United States Marshals Service to serve the defendants or to issue summonses. Unless and until the Court enters an Order directing the Clerk of the Court file the action, no defendant shall be required to answer or otherwise respond;

FURTHER, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: July 8, 2013
Rochester, New York

_Charles J. Siragusa_
CHARLES J. SIRAGUSA
United States District Judge