UNITED STATES DISTRICT COURT                                              -PS-O-
WESTERN DISTRICT OF NEW YORK

---

MARIE J. RUEST,

        Plaintiff,

                                  **DECISION AND ORDER**
              -v-                    12-CV-6552CJS

CITY OF ROCHESTER, ROCHESTER CITY POLICE
DEPARTMENT and Investigator FRANK CAMP,

        Defendants.

---

MARIE J. RUEST,

        Plaintiff,



              -v-                    **DECISION AND ORDER**
                                     12-CV-6551CJS

COUNTY OF MONROE, MONROE COUNTY SHERIFF'S
DEPARTMENT and Monroe County Sheriff's Deputies
PETER CHARISSIS and Deputy Sergeant DICANN,

        Defendants.

---

        **Siragusa, J.** Plaintiff Marie J. Ruest filed two *pro se* actions seeking relief under 42 U.S.C. § 1983 and other statutes on October 12, 2012 (12-CV-6551CJS, ECF No. 1 and 12-CV-6552CJS, ECF No. 1) claiming that various rights of herself and her boyfriend were violated. Plaintiff's complaints were dismissed without prejudice since her complaints were in violation of the Federal Rules of Civil Procedure and inadequate to allow the Court's review pursuant to 28 U.S.C. § 1915. Among other deficiencies exhaustively described in the Court's Order dated March 8, 2013 (ECF No. 4 in each case), the complaints failed to allege facts in support of the claims. The Court granted Plaintiff an op-

portunity to withdraw or amend the complaints to attempt to state claims in a manner consistent with the law as set forth by the Federal Rules of Civil Procedure, which the Court explained in its prior Order. Plaintiff responded by filing documents entitled "Amened Civil Action" [sic] in 12-CV- 6551-CJS (ECF No. 6) and "Civil Action" in 12-CV-6552-CJS (ECF No. 6) wherein she repeated the extraordinary font and formatting style that the Court had previously explained prevented it from determining, for example, who were the defendants she sought to hold responsible for the alleged violations. In addition, Plaintiff disregarded the Court's Order setting forth the law that controls the claims she had made.

Plaintiff's complaints were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the basis that they failed to state a claim for relief. The Court of Appeals affirmed this Court's dismissal.

**Amendment and Sanctions**

The Court provided Plaintiff with an explanation of the reasons why the Court would not allow a further opportunity to amend the complaints, and why it intended to issue sanctions against Plaintiff. In the Court's Order of March 8, 2013, plaintiff was warned that, in addition to the other reasons set forth in the Federal Rules of pleading discussed, Rule 11 requires that:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

>   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

In addition, Plaintiff was informed that to hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.") (ECF No. 4, at 9). Nevertheless, and for a second time, despite these warnings, Plaintiff named as defendants the County of Monroe, Monroe County Sheriff, City of Rochester and the Rochester Police Department. "Amended Civil Action," No. 12-CV- 6551-CJS, ECF No. 6 and "Civil Action," No. 12-CV- 6552-CJS, ECF No 6. *See* 12-CV- 6551CJS, ECF No. 6, Letter from Nicholas J. Hirsch and Marie J. Ruest to the Court and Court Clerk, ¶ 7, Apr. 15, 2013 (starting at page 55 of the portable document file) ("It should be duly noted that in all cases both the City Police Dept., Mo. Co. Sheriff's Dep't. are being sued as a

Whole Municipal Entity...."). Yet, in neither complaint did Plaintiff contend or provide facts to support that any of the alleged constitutional deprivations were caused by, or occurred pursuant to, an official custom or policy of the City of Rochester or the County of Monroe. Plaintiff, with knowledge, violated Rule 11 by filing a pleading wherein the claims, defenses, and other legal contentions were clearly not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Plaintiff could not claim inadvertence or error, because the Court specifically informed her of the law related to these claims against municipalities.

In addition, the Court warned Plaintiff regarding the manner in which the complaint was written (ECF No. 4, at 3–9). Plaintiff's response showed no inclination to honor the law, the Federal Rules, or Orders of this Court.

The Court explained that even pro se litigants are required to comply with the directives of the Court. "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders." *Barclay v. Doe*, 207 Fed. Appx. 102, 104 (2d Cir. 2006) (Summary Order) (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)). Further, in *Barclay*, the Court of Appeals noted that "[w]hen they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *Id.* See *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir.1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); see also *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir.1996) (stating that a district court may "impose sanctions against litigants who abuse the judicial process");

*Lipin v. Hunt*, 573 F.Supp.2d 836, 843, 844 (S.D.N.Y.2008) (citing Fed. R. Civ. P. 11(c)(4))("It is beyond peradventure that a district court possesses the authority to enjoin a [pro se] litigant from further vexatious litigation" and "a court's special solicitude towards pro se litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.") (internal quotations, parenthesis and citations omitted.). The Court explained that "a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons," *Sassower v. Field,* 973 F.2d 75, 80-81 (2d Cir.) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45), *cert. denied* 507 U.S. 1043 (1993)(emphasis added), and that sanctions under Rule 11 of the Federal Rules of Civil Procedure may also be imposed upon a *pro se* litigant <u>who continues to file frivolous or baseless claims and petitions</u>, *Mendoza v. Lynaugh,* 989 F.2d 191 (5th Cir. 1993); *DePonceau,* 2004 WL 1574621, at *3; *Young v. Corbin,* 889 F. Supp. 582 (N.D.N.Y. 1995), "to deter baseless filings in District Court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990) (citation omitted); *see also Williams v. Revlon Co., 156 F.R.D. 39, 43* (S.D.N.Y. 1994) (The purpose of Rule 11 is to check abuses which cause "the waste of judicial resources and resulting inefficiencies and delays that affect all actual and potential litigants in the federal courts.") (citations omitted). The Court further explained that an attorney or unrepresented party may be sanctioned for violating Rule 11 by motion or by the Court upon its own initiative. Fed. R. Civ. P. 11(c)(1)(B).

Despite the Court having brought to Plaintiff's attention the legal requirements for stating a claim for municipal liability under 42 U.S.C. § 1983, plaintiff not only failed to

5

withdraw the claim, but submitted an amended complaint reiterating the claims as though the Court had not spoken. Moreover, her amended complaint repeated, with no change, all of the other pleading deficiencies the Court had cited. Because Plaintiff insisted on disregarding Court Orders intended to limit her abusive conduct, and continued to cause the Court to spend an extraordinary amount of time in attempting to review pleadings that again defied Orders of the Court, the Court found that it must consider sanctions to deter such conduct. The Court determined that the most appropriate sanction to deter more frivolous and repetitious filings was an injunction against any future filings without first obtaining Court permission. The Court noted that it has the discretion to impose a complete and full filing injunction, but determined, for the time being, that the "lesser" sanction of not allowing any future filings without prior Court permission should be sufficient to deter any further frivolous or baseless filings by plaintiff. This determination was made in accordance with the Second Circuit Court of Appeals' decisions relating to the issuance of sanctions against litigants who abuse the judicial process. *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir.1996). In reaching its conclusion on an appropriate sanction, this Court considered

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

See *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Using that criteria, the Court determined that (1) the litigant's history of litigation in these two cases entailed vexatious and harassing conduct, in lawsuits duplicative of those of another litigant whom the Court

had already warned regarding disregard of the rules of pleading and Court Orders; (2) that the Court could not determine with certainty the litigant's motive in pursuing the litigation, and whether she in fact had an objective good faith expectation of prevailing, but that she had continued to disregard Court Orders setting forth the law related to her claims against the municipal defendants, suggesting that her purpose was not to prevail; (3) that the litigant was not represented by counsel; (4) and that the litigant had posed a repeated and unnecessary extraordinary burden on this Court and its personnel,[1] requiring an increase in the time to review her pleadings and issue decisions by orders of magnitude, and refusing to follow the Federal Rules and directions of this Court related to the form of pleading; and (5) that other sanctions would be inadequate to protect the courts and other parties because repeated Court Orders had been ineffective in curtailing Plaintiff's abusive behavior. The Court explicitly determined that a pre-filing sanction was sufficient and would protect Plaintiff's ability to bring an action warranted under the law in good faith in the future, and that a broader ban on filing was unnecessary at this stage.

---

[1] The Court could have taken judicial notice of Plaintiff's conduct in State Court proceedings, but chose to make its decision solely on the basis of Plaintiff's actions in this Court.

As required by case law, the litigant was provided notice and an opportunity to be heard. See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998). Given Plaintiff's abusive litigation conduct, and the negative impacts on the Court's ability to conserve its resources, Plaintiff was directed to show cause why she should not be sanctioned with a leave-to-file sanction for filing, and failing to withdraw when notified thereof, unwarranted claims for municipal liability, for repeatedly filing papers written in disregard of case law, of which she has been informed, the Federal Rules of Civil Procedure, including Rule 11, and valid Court Orders. Plaintiff made the decision to not take advantage of that opportunity to explain why sanctions were not warranted and, rather, appealed the Court's decision without giving the Court and herself the benefit of convincing the Court that she was acting in good faith, was confused about the Court's explanation of how the law applied to her case, or any other reasonable explanation for her behavior that would cause the Court to reexamine the appropriateness of sanctions, or this sanction in particular. Such a response to the Court's Order would have benefitted the Court as to whether there was any reasonable explanation for her actions, but also benefitted the plaintiff and the Court of Appeals in determining whether the Court's judgment as to the egregiousness of Plaintiff's litigation behavior was correct.

**Order to File Affidavit**

Now, in accordance with the Mandate of the Court of Appeals for the Second Circuit, the Court is giving further consideration to the question of whether, although plaintiff has not engaged in repeated and frivolous litigation in several cases over time, but, rather, repeatedly during the course of these two cases, the leave to file sanction is appropriate.

In that regard, the Court directs Plaintiff to file an affidavit not to exceed five (5) pages in length by **May 5, 2014**, to show cause why she should not be sanctioned with a leave-to-file sanction for filing, and failing to withdraw when notified thereof, unwarranted claims for municipal liability, and for repeatedly filing papers written in disregard of case law of which she has been informed, the Federal Rules of Civil Procedure, including Rule 11, and valid Court Orders. This affidavit will assist the Court in developing the record regarding the factors set forth above.[2]

SO ORDERED.

Dated: April 8, 2014
Rochester, New York

/s/ Charles Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[2] The Court notes that plaintiff has filed a document entitled "Limited Power of Attorney" (ECF No. 15) that purports to allow Nicholas J. Hirsch to handle all legal matters on her behalf and to speak on her behalf at any legal proceedings. Plaintiff is forewarned that Nicholas Hirsch, who is not an attorney, may not "handle all legal matters on her behalf and to speak on her behalf at any legal proceedings" because a non-attorney *pro se* party may not represent another's interests. See *Mandeville v. Wertheimer*, No. 01-CIV.4469(JSR)(DF), 2002 WL 432689 at * 2 (S.D.N.Y. Mar. 19, 2002) (Plaintiffs' daughter not allowed to appear *pro se* as her parents' guardian based on her power of attorney) (collecting cases). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) (citation omitted); see also *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("appearance *pro se* denotes (in law Latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity"). "The general rule in federal court forbids representative parties, such as guardians or executors, from appearing *pro se*." *Taylor v. Henderson*, No. 99 CIV 4941 AJP, 2002 WL 14423, at * 3 (S.D.N.Y. Jan. 4, 2002) (citations omitted); see also e.g., *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir.1967) (per curiam) (layperson may not represent a corporation); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir.1976) (individual may not appear *pro se* to pursue a shareholder's derivative suit); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (layperson may not represent a partnership); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (parent may not appear *pro se* on behalf of his or her minor child); *Pridgen*, 113 F.3d at 393 ("administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant"). Thus, Nicholas Hirsch may not appear on behalf of Marie Ruest. Marie Ruest must sign the affidavit on her own and will be bound under Rule 11 for such pleading.